John J. McCall, J.
Plaintiff driver sued in negligence for personal injuries against the defendant-driver-wife and absent-owner-husband. The husband counterclaimed for property damage in stipulated amount of $315. The first-mentioned cause was submitted to the jury with the usual charge involving negligence and contributory negligence. The counterclaim was likewise *992 given to the jury, but there was a distinct charge made that the husband was free from contributory negligence as a matter of law, leaving with the jury the sole issue as to whether the plaintiff’s conduct alone was negligent.
The verdict in the personal injury case was no cause of action. On the counterclaim the jury reported, “We figured the acts were equal, no cause of action. ’ ’ The defendant husband moved to set aside the last verdict as “ contrary to law.”
From the nature of the jury’s report the conclusion is inescapable that the conduct of the plaintiff was pitted against that of the defendant or defendants. Under the charge — the law — it could not do this. The plaintiff’s conduct alone was to be viewed. A verdict reached in defiance of the charge is contrary to law and cannot stand. Posed now is the proposition: can the court go beyond the setting aside and direct the verdict for the proper parties? If this jury actually did find the plaintiff negligent it must report a verdict for the defendant husband in the sum of $315, the stipulated damage. Keeping in mind that this jury was viewing all acts here in the posture of negligence the court feels this jury, in placing acts vis-a-vis, was speaking of negligent acts. Unless the jury found the plaintiff negligent it would have no reason to offset the acts by those of the defendant. This jury found the plaintiff negligent and rejected the findings because of the negligence of someone else. As pointed out above, such rejection is contrary to law and cannot be permitted.
The verdict of no cause of action on the counterclaim is set aside as contrary to law and the court directs a verdict in favor of the defendant husband in the sum of $315. Appropriate exceptions to the plaintiff.